IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kirk Willis, ) | C/A No. 8:15-3427-JMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| ~~Solicitor Lance Sheek~~; Director of Laurens ) | |
| County Detention Center, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Kirk Willis ("Petitioner"), proceeding pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges he is a pretrial detainee at the Laurens County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Petitioner alleges he was arrested for criminal domestic violence 3rd, violation of order of protection, attempted murder, and possession of a weapon during a violent crime, and he has been in jail since August 7, 2014.[1] [Doc. 1.] Petitioner names a Solicitor of the Eighth Judicial Circuit ("Lance Sheek") as the Respondent.[2] [*Id.*] Petitioner contends that he has been detained in the LCDC more than one year, and Sheek has not presented an indictment to the grand jury; also, Petitioner has not had a preliminary hearing. [*Id.*]

---

[1] Petitioner also filed a civil § 1983 action in this Court raising similar facts. *See* Report and Recommendation, *Willis v. State of South Carolina, et al.*, C/A No. 6:15-2909-JMC-JDA (D.S.C. Aug. 26, 2015), ECF No. 16.

[2] In an accompanying Order, this Court directed the Clerk of Court to terminate Sheek as the Respondent, and to add the Director of the Laurens County Detention Center as the Respondent, because a prisoner's custodian is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Petitioner alleges that he is represented by an attorney, Mr. Bryan C. Able ("Able"), and Able filed a motion to dismiss the charges against Petitioner and for a speedy trial on July 9, 2015. [*Id.*] He seems to contend that the motion has not been ruled on yet by a state court judge. [*Id.*] For his relief, Petitioner seeks release from custody and the pending criminal charges to be dismissed. [*Id.*]

This Court takes judicial notice that Plaintiff was arrested on August 8, 2014, for criminal domestic violence 3rd, violation of court order of protection, attempted murder, and possession of a weapon during a violent crime, and those charges are pending in the Laurens County Court of General Sessions. *See* Laurens County 8th Judicial Circuit Public Index, http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx, (enter "Kirk Willis" and "search," click on "2014A3020100418," and 19, 20, 21, click on "Charges") (last visited August 26, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, this

Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Petitioner is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Petitioner should have adequate opportunity to raise his federal constitutional rights in the state trial and post-trial proceedings. In fact, Petitioner's attorney

4

has filed a motion seeking dismissal of the charges on July 9, 2015, and apparently it is still pending. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. Because Petitioner can pursue his claims in state court both during and after trial, he fails to show that he has no adequate remedy at law and will suffer irreparable injury. *See Younger*, 401 U.S. at 43-44. Petitioner is, therefore, precluded from federal habeas relief at this time, and his Petition should be dismissed.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

September 2, 2015                                          s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).