IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kirk Willis, | ) | |
| | ) | Civil Action No. 8:15-cv-03427-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director of Laurens County Detention Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, brings this action, (ECF No. 1), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, as a pretrial detainee at the Laurens County Detention Center ("LCDC"), files this action in forma pauperis under 28 U.S.C. § 1915. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on September 2, 2015, recommending that Petitioner's action, (ECF No. 1), be dismissed without prejudice and without requiring Respondent to file an answer or return. The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), and **DISMISSES** Petitioner's action without prejudice and without requiring Respondent to file an answer or return.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner alleges verbatim that he was arrested for "Violation of Court order of Protection…Attempted Murder…[and] Possession of a Weapon During a Violation Crime." (ECF No. 1 at 3.) He alleges that he has been in jail for more than a year, but has not been presented with an indictment to the grand jury. (*Id.* at 2.)

1

Petitioner states that he is represented by an attorney, Mr. Bryan C. Able, who, on July 9, 2015, filed a motion to dismiss the charges against Petitioner and a motion for a speedy trial. (ECF No. 1 at 9.) However, Petitioner contends that he "ha[s] not been to court yet." (*Id.*) Petitioner now brings this action against the Director of Laurens County Detention Center to be released from custody and to dismiss the pending criminal charges. (ECF No. 1 at 10.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

The Magistrate Judge recommends that Petitioner's action be dismissed without prejudice and without requiring Respondent to file an answer or return because "[g]enerally though 'an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas corpus." (ECF No. 10 at 3 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).) Petitioner specifically objects to the previous sentence because "the solicitor, never prepared an indictment for the Grand Jury, there is not even record of Him filing with the Clerk of Court of Laurens County." (ECF No. 14.)

Although there is no indictment to dismiss against Petitioner, it does not change that "[a]n attempt to dismiss an indictment *or otherwise prevent a prosecution* . . . is normally not attainable through federal habeas corpus . . . ." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (emphasis added). If Petitioner's federal habeas corpus is granted, then Petitioner's prosecution would be prevented. Therefore, Petitioner's objections are overruled.

Petitioner also filed a letter, (ECF No. 17), on October 6, 2015, after the deadline for objections to the Report. In his letter, Petitioner states that he wants his day in court because "failure to conduct such hearing, properly demanded by defendant, deprives the Court of General Sessions of Jurisdiction to indict or try the defendant." (ECF No. 17 (quoting *State v. Wheeler*, 193 S.E.2d 515, 518 (S.C. 1972)).)

Although Petitioner is correct, the federal court does not have jurisdiction to interfere with state criminal proceedings. As the Magistrate Judge explains, the federal court should not interfere with any pending state judicial proceeding when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." (ECF No. 10 at 4 (quoting *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)).) Here, Petitioner is involved in an ongoing state criminal proceeding, the state has an interest in being free from federal interference, and "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." (ECF No. 10 at 4 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).) Therefore, this court cannot interfere with Petitioner's pending criminal proceedings.

### IV.     CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate

Judge's Report, (ECF No. 10), and **DISMISSES** Petitioner's action, (ECF No. 1), without prejudice and without requiring Respondent to file an answer or return for the reasons discussed herein.

**IT IS SO ORDERED.**

United States District Judge

June 6, 2016
Columbia, South Carolina